IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RANDY RIIS,

                    Plaintiff,

        vs.                          **Case No. 09-4119-RDR**

GOODYEAR TIRE & RUBBER CO.,

                    Defendant.

_____

<u>**MEMORANDUM AND ORDER**</u>

This matter is presently before the court upon defendant's motion for summary judgment. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Plaintiff brings this action against his former employer, Goodyear Tire and Rubber Company (Goodyear), asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 <u>et seq</u>., and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 <u>et seq</u>. He contends he was terminated by the defendant due to a disability. He further alleges he was terminated in violation of various provisions of the FMLA.

In the instant motion, the defendant argues that plaintiff's ADA claim fails because (1) he was not a disabled person within the definition of the ADA; (2) Goodyear did not discriminate against him because of his disability; (3) Goodyear had a legitimate, nondiscriminatory reason to consider him to have resigned; and (4)

Goodyear's reason for termination was not pretextual. The defendant also contends that plaintiff's FMLA claims fail because (1) he was not an eligible employee under the FMLA; (2) Goodyear's employment decision was based on the legitimate, nondiscriminatory reason that he violated the "no report" clause of the collective bargaining agreement; and (3) no separate claim exists under the restoration provisions of 29 U.S.C. § 2614.

II.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. (citing Anderson, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to

judgment as a matter of law.  Id. at 670–71.  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  Id. at 671 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256; see Adler, 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment).  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  Anderson, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Adler, 144 F.3d at 671.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Id.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

III.

The following facts are not controverted in the record. Plaintiff was hired by the defendant in 1994. He worked at the position of conveyor tender during most of his employment with the defendant. The defendant's written FMLA policy apprises employees that they must have worked a total of 12 months and at least 1250 hours in the previous 12 months to be eligible for FMLA benefits. The policy notifies employees that "FMLA allows eligible associates to take up to 12 workweeks of leave per rolling 12-month period, which is measured backward from the date an associate intends on using any FMLA leave." Employees are informed that "[a]ssociates who believe an absence is FMLA-related should report off work to both the gatehouse and FMLA line, specifically stating that the absence is FMLA-related." They are informed that the defendant requires associates to substitute available paid leave for FMLA leave and that "paid time-off benefit will be counted against the associate's FMLA entitlement." Plaintiff received an FMLA notice from the defendant which explained the forms. He understood that FMLA leave was limited. During his employment, plaintiff used FMLA and other leave. He was never denied FMLA leave when he made application.

In 2003, plaintiff experienced a seizure while working. It was the first seizure he had experienced. He described it as the worst seizure he ever experienced. Plaintiff was on leave for six

4

months after his 2003 seizure.   He was medically released and returned to work without restrictions.   Plaintiff saw Dr. Challa, a neurologist, who prescribed Dilantin.   He later replaced the Dilantin with a "mellower" medication, Limictal.

Plaintiff was on leave for over seven months in 2007. Initially, he received FMLA leave from March 17, 2007 through June 23, 2007.   He remained on leave from June 23 through November 5, 2007, leave that was designated as personal sickness or personal other.   Plaintiff stated that he took the extended leave in 2007 because he had a seizure while running his machine.   He started feeling dizzy and disoriented and later woke up on the floor.

Plaintiff was absent from work beginning March 18, 2008.   He indicated he was absent because he had another seizure in a locker room at the Goodyear plant.   On April 25, 2008, plaintiff was removed from the payroll at Goodyear because the defendant believed he had failed to report on seven consecutive work days.

IV.

A.   FMLA

Plaintiff has asserted three FMLA claims:   (1) interfering with his right to take FMLA leave; (2) terminating him for attempting to take FMLA leave; and (3) failing to restore him to his prior position.   The defendant initially contends that it is entitled to summary judgment on plaintiff's FMLA claims because he was not an eligible employee under the FMLA.   The defendant

contends that he was not an eligible employee because he did not work at least 1,250 hours during the previous 12-month period.

The FMLA was enacted "to balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons" in a manner that "accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(1)-(3). Under the FMLA, "eligible" employees may take up to twelve weeks of unpaid leave from their employer for certain situations involving health or family matters. See id. § 2612(a)(1). An "eligible" employee is one who has been employed by his or her employer for at least twelve months and has worked at least 1,250 hours during the previous twelve-month period. 29 U.S.C. § 2611(2)(A). Plaintiff has the burden to show that he is an eligible employee under the FMLA. See Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 877 (10th Cir. 2004); Wells v. Wal-Mart Stores, Inc., 219 F.Supp.2d 1197, 1208 (D.Kan. 2002). The FMLA makes it unlawful for an employer to: (1) interfere with an employee's attempt to exercise his rights provided under the FMLA, 29 U.S.C. § 2615(a)(1); (2) retaliate against an employee who exercises his rights under the FMLA, 29 U.S.C. § 2615(a)(2); and (3) not restore the employee to the position of employment held when the leave commenced or to an equivalent position, 29 U.S.C. § 2614(a)(1) and (a)(2).

The court shall first consider the defendant's eligibility

6

arguments.   The   court   notes   that   plaintiff   has   failed   to
specifically address the arguments raised by the defendant.  He has
noted  in  his  response  only  that  he  was  qualified  for  FMLA  leave
"having  worked  for  defendant  almost  14  years."   Based  upon  the
response  of  the  plaintiff,  the  court  could  simply  deem  these
arguments  admitted.   However,  the  court  is  persuaded  that  the
factual  and  legal  support  for  the  defendant's  arguments  requires
the  entry  of  summary  judgment  in  its  favor.

     The  defendant  offered  uncontroverted  evidence  that  plaintiff
only  worked  700  hours  in  the  12  months  preceding  March  18,  2008  in
the  form  of  an  affidavit  from  Cindy  Nace,  the  Workers'  Compensation
and  Employee  Benefits  Manager  for  Goodyear.   Morever,  plaintiff
admitted  in  his  deposition  that  he  had  only  worked  between  700  and
800  hours  in  the  twelve  months  preceding  March  2008.

     Thus,  the  evidence  is  uncontroverted  that  plaintiff  was  not  an
eligible  employee  under  the  FMLA.   As  a  result,  the  court  can
grant  summary  judgment  to  the  defendant  on  plaintiff's  FMLA  claims
of  interference,  retaliation  and  restoration.[1]   See  Wiseman v. Wal-

---

[1] The  court  is  not  persuaded  that  plaintiff's  claim  asserting
the  failure  of  Goodyear  to  restore  him  to  prior  position  is  a
separate  cause  of  action.   The  failure  to  restore  an  employee  to
employment  after  FMLA  leave  is  a  version  of  a  claim  of  interference
with  FMLA  rights.   See  Tabares v. Gates Corp., 2009 WL 151571 n. 1
at  *  1(D.Kan.  2009)("failure  to  restore"  claim  is  an  alternate
theory  of  relief  for  plaintiff's  claim  of  FMLA  interference).
Nevertheless,  in  order  to  obtain  the  relief  sought  by  plaintiff,  he
must  demonstrate  that  he  was  an  eligible  employee.   Thus,  the
defendant  is  entitled  to  summary  judgment  on  this  claim  for  the
same  reasons  as  it  is  entitled  to  relief  on  plaintiff's  claims  of

Mart Stores, Inc., 2009 WL 2168911 at *2 (D.Kan. 7/21/09) (retaliation claim dismissed because plaintiff failed to allege that she had worked the requisite hours to be an eligible employee); Kolarik v. Alterra Heathcare Corp., 2005 WL 1842752 at *3 (D.Kan. 2/29/05) (retaliation claim dismissed because plaintiff failed to show that she was an eligible employee); Kinchion v. Cessna Aircraft Co., 504 F.Supp.2d 1137, 1145 (D.Kan. 2007) (interference claim dismissed because plaintiff was not an eligible employee since he reported only 532 hours of service in the past twelve months); Wells, 219 F.Supp.2d at 1208 (summary judgment granted on interference claim where plaintiff did not prove he was an eligible employee because he only worked 993.04 hours in the prior twelve months). See also Wilkins v. Packerware Corp., 260 Fed.Appx. 98, 103 (10th Cir. 2008) ("Our precedent may also be read to prefigure the conclusion that the lawful taking of FMLA leave is a prerequisite to a retaliation claim...."); Walker v. Elmore County Bd. of Education, 379 F.3d 1249, 1253 (11th Cir. 2004) (retaliation claim must fail because plaintiff not an eligible employee).

     With this decision, the court need not consider the defendant's other arguments on plaintiff's FMLA claims.

B.   ADA

     The court will turn initially to defendant's argument that

---

retaliation and interference.

plaintiff was not a disabled person within the definition of the ADA. The ADA prohibits employers from discriminating on the basis of disability. 42 U.S.C. § 12112(a). The elements of a prima facie case of ADA discrimination are: (1) plaintiff is a disabled person as defined by the ADA; (2) plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) plaintiff suffered discrimination by an employer or prospective employer. Zwygart v. Bd. of County Comm'rs of Jefferson County, Kan., 483 F.3d 1086, 1090 (10th Cir. 2007). The statute defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). "Major life activities include such functions as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working." Rakity v. Dillon Cos., 302 F.3d 1152, 1158 (10th Cir. 2002) (quoting Doyal v. Oklahoma Heart, Inc., 213 F.3d 4982, 495-96 (10th Cir. 2000)).

Plaintiff contends that he is disabled due to major depression, anxiety disorder, panic attacks, and neurological conditions causing seizures. He contends that these conditions limit the following major life activities: working and driving.

The following facts are uncontroverted concerning plaintiff's

claimed disability:  After his first seizure in 2003, plaintiff was off work and restricted from driving for six months.  He was then released without restrictions after that time.  He had another spell at work in 2005.  He noticed that he was staring, got nauseous, backed away from the machine, and then lost consciousness for about three minutes.  Plaintiff had another spell in 2006.  He is not sure what happened, but he came to sitting in a chair with others asking him if he was okay.  He was checked out in the dispensary and returned to work the next day.  Plaintiff had only one spell or seizure incident while he was off work from March 17, 2007 until November 6, 2007.  He sought no medical treatment. Plaintiff had no seizures from November 2007 until March 17, 2008. Following the end of his employment at Goodyear, plaintiff did not have another seizure until September or October 2008.  As of May 10, 2010, he had had only two spells since the end of his employment at Goodyear.  He experienced no spells in 2009.

Plaintiff experienced only five spells while at Goodyear.  He has had only limited restrictions during those periods.  The restrictions have only been temporary.  He has testified that as long as he takes Limictal, he can perform any of the jobs he had at Goodyear.  He has been ordered to be off work after several of the seizures, but any disability has been temporary.

There is no question that the defendant is entitled to summary judgment based upon the plaintiff's contention that he is disabled

due to a limitation of the major life activity of driving.  Relying

on <u>Kellogg v. Energy Safety Services, Inc.</u>, 544 F.3d 1121, 1126

(10th Cir. 2008), defendant points out that driving is not a major

life activity.  Plaintiff has offered nothing in response to this

argument.  The court is persuaded that defendant is entitled to

summary judgment on this aspect of the plaintiff's ADA because

driving is not a major life activity.  <u>See</u> <u>Kellogg</u>, 544 F.3d at

1126; <u>see</u> <u>also</u> <u>Chenoweth v. Hillsborough County</u>, 250 F.3d 1328,

1329-30 (11th Cir. 2001); <u>Colwell v. Suffolk County Police Dept.</u>,

158 F.3d 635, 643 (2nd Cir. 1998).

       The court next turns to plaintiff's assertion that he is

disabled based upon a limitation of the major life activity of

working.  Working is considered a major life activity.  <u>MacKenzie</u>

<u>v. City and County of Denver</u>, 414 F.3d 1266, 1275 (10th Cir. 2005).

Consequently, the court must determine if plaintiff's impairments

significantly restricted his ability to perform a major life

activity "as compared to the condition, manner, or duration under

which the average person in the general population can perform that

same major life activity."  29 C.F.R. § 1630.2(j)(1)(ii).  And,

since plaintiff asserts that he is restricted in the major life

activity of working, there must be evidence that he is

significantly restricted "in the ability to perform either a class

of jobs or a broad range of jobs in various classes as compared to

the average person having comparable training, skills and

abilities.  The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Id. § 1630.2(j)(3)(i).

The uncontroverted evidence before the court shows that plaintiff has never been disabled from a class of jobs or a broad range of jobs.  He has only been limited in his ability to work at Goodyear on sporadic and temporary occasions.  The evidence, even when viewed in the light most favorable to plaintiff, shows only that he had been limited from working at Goodyear on only three occasions.  Plaintiff made several things abundantly clear during his deposition testimony.  First, he indicated that he was always able to do his job at Goodyear except during a seizure.  Second, he testified that he was able to work at locations other than Goodyear.  Finally, he stated he was capable of returning to his former job at Goodyear after May 13, 2008 as long as he is prescribed Limictal.  There is no medical evidence in the record to show that plaintiff was restricted from working at any job other than the job at which he was working at the time of his initial seizure.  In sum, there is no evidence that plaintiff's depression, anxiety and/or controlled seizure disorder significantly limited his ability to work in a broad range or class of jobs.

This case, as pointed out by the defendant, has similarities to Moreno v. American Ingredients Co., 2000 WL 527808 (D.Kan. 2000).  There, the court considered whether plaintiff was a

12

qualified individual with a disability based upon an impairment of
working caused by epileptic seizures.   The court granted summary
judgment on plaintiff's ADA claim because he failed to establish
that his seizures substantially impaired the major life activity of
working.   The court stated:

> Plaintiff contends that he is substantially limited
> in the major life activity of working because during his
> epileptic attacks, he loses consciousness, becomes dizzy,
> disoriented, and weak for several hours thereafter.
> Plaintiff argues that he is disabled because during these
> epileptic attacks, he cannot perform any kind of work.FN2
> The court is unable to find any support for the
> proposition that the inability to actually perform work
> during an epileptic attack qualifies as being
> substantially limited in the major life activity of
> working. "When the major life activity under
> consideration is that of working, the statutory phrase
> 'substantially limits' requires, at a minimum, that
> plaintiffs allege they are unable to work in a broad
> class of jobs." Sutton v. United Airlines, Inc., 119
> S.Ct. 2139, 2151 (1999). Plaintiff, in the case now
> before this court, has neither made such an allegation in
> his complaint nor in his briefing. While the court can
> conceive of a situation where a plaintiff's epileptic
> attacks are with such force and frequency that he is
> "significantly restricted in the ability to perform
> either a class of jobs or a broad range of jobs in
> various classes," such has not been alleged or
> established to be the case with this plaintiff. See 29
> C.F.R. § 1630.2(j)(3). The record evidences that
> plaintiff suffers a seizure approximately once every
> month or month and a half to two months. While
> recognizing that plaintiff's epilepsy is most likely
> debilitating at times, the record does not support a
> finding that plaintiff is "significantly restricted in
> the ability to perform either a class of jobs or a broad
> range of jobs in various classes as compared to the
> average person having comparable training, skills and
> abilities." Id.

Moreno, 2005 WL 527808 at * 2.

The seizures in this case are similar to those considered by

13

the court in <u>Moreno</u> except that plaintiff's seizures here are less intense, less debilitating and less frequent.  Plaintiff's seizures were months apart, and he has had only two since leaving Goodyear.  The evidence before the court is simply insufficient to demonstrate that plaintiff is a disabled person within the definition of the ADA.   Accordingly, the defendant is also entitled to summary judgment on this claim.  With this decision, the court need not consider the defendant's other arguments on plaintiff's ADA claim.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. # 45) be hereby granted.  Judgment shall be entered for the defendant and against the plaintiff on all claims.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

14